## Case No. 8,127.

### LAW v. EWELL.

[2 Cranch, C. C. 144.] [1]

Circuit Court, District of Columbia. Dec. Term, 1817.

ATTORNEY AND CLIENT—ACTION FOR FEES—FEES OF COUNSEL—FEES OF ATTORNEY.

1. A counsellor of this court cannot support an action at law against his client for his fee as counsel, although he prove an express promise to pay it.

2. An attorney may recover his legal fee upon assumpsit.

Assumpsit for professional services rendered by the plaintiff [John Law], who was an attorney and counsellor of this court. Besides his legal fees as attorney, amounting to $70, the plaintiff proved an express promise by the defendant [Thomas Ewell] to pay the plaintiff $100 if the defendant should obtain a new trial in the case of Stull and others against him, which was obtained.

Mr. Taney and Mr. Wiley, for defendant, contended that the plaintiff could not recover, in an action at law, his fees, either as attorney or counsel. Not as attorney, because the Maryland acts of 1715, c. 48, par. 10, and 1779, c. 25, par. 17, give a summary remedy by distress and sale; not as counsellor, because, by the common law of England, in force in Maryland, on the 27th February, 1801, the fees of counsel were merely honorary, like those of a physician. In the case of Chorley v. Bolcot, 4 Term R. 317, it was taken for granted (without any question) by the court and counsel that counsellors at law can maintain no action for their fees, either at law or in equity; and this is expressly stated by Blackstone (3 Comm. 28), who refers to the case of Moor v. Row, 1 Rep. Ch. 38, where "the plaintiff, being a counsellor at law, brought his bill for fees

[1] [Reported by Hon. William Cranch, Chief Judge.]

due to him from the defendant, being a solicitor, and was to account with him at the end of every term. The defendant demurred. This court allowed the demurrer nisi causa. Demurrer affirmed and the bill dismissed." Blackstone says that the fees of counsel are given, not as locatio vel conductio, but as quiddam honorarium; not as a salary or hire, but as a mere gratuity which a counsellor cannot demand without doing wrong to his reputation (Peake, N. P. 122); and therefore counsellors are never required to give receipt for their fees.

. Mr. Key and Mr. Law, contra.

Although a summary remedy is given for the legal fees of an attorney, yet that does not deprive him of his remedy by action at common law. Attorney's fees in England may be recovered in assumpsit. And in 1 Harris, Entries, 117, is a declaration in assumpsit by an attorney at law for the taxable fees. The law, as laid down by Blackstone, respecting counsellor's fees, has never been adopted in Maryland; certainly never as to the services of a physician; and in England they rest on the same ground,—a quiddam honorarium. Whenever there is a moral obligation, and an express promise to pay, the cause of action is complete, and upon the general principles of the common law the action ought to be sustained. This court has decided that an attorney at law is not bound to argue a cause before the jury, as counsel, for the legal attorney's fee.

THE COURT (MORSELL, Circuit Judge, contra) was of opinion that the fee as counsellor could not be recovered at law; and (THRUSTON, Circuit Judge, contra) that the legal attorney's fee could be recovered in assumpsit.

Verdict for plaintiff for $70, the amount of his taxable fees as attorney for the defendant in several suits.